

D.P.D. 568 (rev. 9/97)

**INTER-OFFICE MEMORANDUM**

Date: February 11, 2018

To: Citizen Complaint Subcommittee, Board of Police Commissioners (Through Channels)

Subject: **COMPLAINT OF MR. MONEY STACKHOUSE, CCR 70419, BPC 18-960**

I. **COMPLAINT INFORMATION**

Date of Complaint: November 14, 2018
Date OCI received: November 15, 2018
Date Assigned: November 16, 2018
Due Date: February 12, 2019

Complainant: Mr. Money Stackhouse, DOB: [redacted] Address Unknown, City Unknown, State & Zip Code Unknown, [redacted]

Co-complainant: Ms. Kira Horne, DOB: [redacted] Detroit, Michigan 48234,

Assigned to: Police Commission Investigator Tiffany Stewart assigned to the Office of the Chief Investigator

II. **AREAS OF CONCERN**

PROCEDURE — The complainant, Mr. Money Stackhouse, alleged that [redacted] Badge [redacted], and Crew, assigned to the Gang Intel Surveillance Transit Team, conducted a narcotics raid at the location of [redacted] on November 13, 2018, at approximately 3:00 p.m. The complainant alleged that the officers turned off their Body-worn cameras.

FORCE — The complainant alleged that he was forced into a room, where the officers questioned him about narcotics, and began spitting on him and hitting him when he said he did not know where the drugs were.

PROCEDURE — The co-complainant, Ms. Kira Horne, alleged that two (2) of her dogs were shot during the execution of the search warrant.

PROCEDURE — The co-complainant, Ms. Horne, alleged that the officers caused damage to the walls in her home by putting holes in them.

PROCEDURE — The co-complainant Ms. Horne, alleged that the officers placed insulation around the water heater in the basement of her home.

EXHIBIT 2

**Detroit Police Department Manual Directive 102.3 – 6.9 Conduct, Unprofessional (1)** states in relevant part, "Conduct unbecoming an officer. Members shall not engage in any conduct on duty that reflects discredit on the members of this department, tend to bring this department into disrepute, or impairs this department's efficient and effective operation."

**Detroit Police Department Manual Directive 304.2 – 4.1 Authorization and Limitations, Less Lethal Force (3)** states in relevant part, "Use of force restraints and/or weapons shall never be used as punishment or retaliation.

The complainant was uncooperative during the course of the investigation.

 and his crew denied ever hitting or spitting on the complainant.

The preliminary investigation revealed that there was not any BWC video footage or audio recordings to confirm or refute the alleged incident.

There were not any witnesses identified to confirm or refute the alleged incident.

There were insufficient facts to decide whether the alleged misconduct occurred.

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Badge ▬▬▬ ▬▬▬▬▬▬▬▬▬ Gang Intel

**PROCEDURE**      **SUSTAINED**

The complainant, Ms. Kira Horne, alleged that two (2) of her dogs were shot during the execution of the search warrant.

**Detroit Police Department Manual Directive 304.2 – 4.7 Dangerous Animals** states in part, (1) "The use of physical force against any animal will be used only to the extent that such force is necessary to prevent harm or injury to another person(s) or animal(s). An officer shall not discharge a firearm at a dog or other animal, except to protect a member or person from imminent physical injury and there is no opportunity to retreat or other reasonable means to eliminate the threat.

**EXHIBIT 2**

Citizen Complaint Subcommittee
CCR 70419, BPC 18-960
Page 23

(2) "Before using deadly force, every attempt will be made to use other reasonable means to contain the threat of a dangerous animal."

▮▮▮▮▮ acknowledged shooting two (2) dogs inside of the home. According to the officer the dogs were causing a threat and he needed to neutralize them. ▮▮▮▮▮ stated that the complainant, Mr. Stackhouse, was given the opportunity to secure the dogs.

▮▮▮▮▮ acknowledged that he was not inside of the location when ▮▮▮▮▮ shot the dogs, but stated that ▮▮▮▮▮ deemed the dogs a threat and neutralized them for the safety of himself and the other officers entering the home.

The preliminary investigation revealed a copy of the Detroit Police Department Destruction of Animal Report Form (DOA) completed on November 13, 2018, by ▮▮▮▮▮ ▮▮▮▮▮ documented in the narrative of the report that dog(s) were charging, showing teeth and attempted to bite the crew. However, video footage and audio recordings captured did not show the dogs acting in an aggressive manner.

The video footage and audio recordings also revealed that the Mr. Stackhouse, who was the owner of the dogs was seated in the view of the dogs. It appeared that dog (1) was coming toward Mr. Stackhouse. ==At no time did any of the dogs charge at the officers, growl or try to bite them.==

==The actions of the officer were unjustified.==

==A preponderance of the evidence showed that the alleged conduct did occur, and that the actions of the officer violated DPD policy, procedure or training.==

| | Badge | | |
|---|---|---|---|
| ▮▮▮ | Badge ▮▮▮ | | Gang Intel |
| ▮▮▮ | Badge ▮▮▮ | | Gang Intel |
| ▮▮▮ | Badge ▮▮▮ | | Gang Intel |
| ▮▮▮ | Badge ▮▮▮ | | Gang Intel |
| ▮▮▮ | Badge ▮▮▮ | | Gang Intel |
| ▮▮▮ | Badge ▮▮▮ | | Gang Intel |

PROCEDURE        INCONCLUSIVE

EXHIBIT 2